## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| JOHN BENNETT, JR., | ) | CASE NO. 5:13CV52 |
| | ) | |
| | ) | |
| PETITIONER, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JASON BUNTING, Warden, | ) | |
| | ) | |
| | ) | |
| RESPONDENT. | ) | |

Before the Court are petitioner's objections (Doc. No. 16)[1] to the Report and Recommendation ("R&R") of Magistrate Judge Vernelis K. Armstrong (Doc. No. 14), recommending dismissal of the petition[2] because five of its grounds are time-barred, and the remaining two grounds are procedurally defaulted and/or lack merit. Respondent has filed neither objections nor a response to petitioner's objections. The matter is ripe for determination.

## I. PROCEDURAL BACKGROUND

Petitioner John Clarence Bennett, Jr. ("Bennett" or "petitioner") was indicted by the Stark County, Ohio grand jury on April 21, 2009 on four counts: aggravated robbery (Ohio Rev. Code § 2911.01(A)(3)), aggravated burglary (Ohio Rev. Code § 2911.11(A)(1)), kidnapping (Ohio Rev. Code § 2905.01(A)(2)), and felonious assault (Ohio Rev. Code § 2903.11(A)(2)). (Return [Doc. No. 8], Ex. 1.)

---

[1] Petitioner's objections were timely filed on August 9, 2013. Without leave of court, on September 13, 2013 and October 10, 2013, petitioner also filed, out of rule, two amendments to his objections. (Doc. Nos. 17, 18.) These amendments have not been considered by the Court and are hereby stricken from the record.

[2] Respondent filed a motion to dismiss the petition. (Doc. No. 8.) The R&R recommends granting the motion.

Bennett initially entered pleas of not guilty but, on June 8, 2009, represented by counsel, he withdrew those pleas and pleaded guilty to all charges. Petitioner was sentenced to four seven-year terms of imprisonment, to run concurrently, and was informed of his right to seek judicial release after five years. (Return, Ex. 3.) He was also advised at sentencing that he was subject to post-release control under Ohio Rev. Code § 2967.28 of a "possible length of 5 years[.]" (Tr. [Doc. No. 8-3] at 378; *see also*, Return, Ex. 3 at 81 ("The Court has further notified the defendant that post release control is mandatory in this case up to a maximum of five (5) years . . . .").) His guilty pleas and sentences were journalized on June 15, 2009. Thereafter, under Ohio App. R. 4(A), he had thirty (30) days, i.e. until July 15, 2009, within which to file a notice of appeal.

Bennett did not file a direct appeal. However, on December 8, 2009, he filed a pro se notice of appeal from his convictions. (Return, Ex. 5.)[3] On December 11, 2009, he also filed a pro se request, pursuant to Ohio App. R. 5(A), for leave to file a delayed appeal, arguing that he had not been advised by the trial court or his counsel that an appeal must be filed within 30 days, that his counsel had ignored his request to appeal, and that he was unable to timely file on his own behalf due to lack of access to a law library. He also asserted that he was essentially coerced by his trial counsel into entering guilty pleas. (*Id.*, Ex. 6.) On December 23, 2009, the Fifth Appellate District denied the motion for leave to file a delayed appeal, "find[ing] that Appellant has failed to establish good cause for delay in filing a timely appeal." (*Id.*, Ex. 8 at 113.)

---

[3] There is also another notice of appeal filed on that same date. (Return, Ex. 4.) This appears to have been filed in error to the Sixth Appellate District, whereas a proper appeal from judgments of the Stark County Court of Common Pleas would have been to the Fifth Appellate District, as stated in Ex. 5.

On March 12, 2010, Bennett filed a pro se notice of appeal to the Ohio Supreme Court, along with a motion for leave to file a delayed appeal. (*Id*., Exs. 9, 10.) On May 5, 2010, the Ohio Supreme Court denied the motion and dismissed the case. (*Id*., Ex. 11.)

Prior to the dismissal by the Ohio Supreme Court, on April 5, 2010, Bennett filed in the trial court a pro se motion to withdraw his guilty plea pursuant to Ohio R. Crim. P. 32.1. (*Id*., Ex. 12.) As grounds, he asserted he had not been informed that he was subject to a mandatory five-year term of post-release control and, had he been informed, he would not have pleaded guilty. On June 14, 2010, the trial court conducted a hearing, wherein petitioner was represented by counsel. On June 28, 2010, the court denied petitioner's motion to withdraw his plea, but resentenced him so as to properly notify him of the mandatory five-year term of post-release control. The resentencing entry specified that it was "Nunc Pro Tunc as of 6/15/09[,]" pursuant to Ohio Rev. Code § 2929.191. (*Id*., Exs. 13, 14.)

Represented by counsel, petitioner timely appealed the denial of his motion to withdraw his guilty plea and the resentencing. (*Id*., Exs. 15, 16.) On May 9, 2011, the court of appeals concluded, in reliance on *State v. Fischer*, 128 Ohio St. 3d 92, 942 N.E.2d 332 (2010), that, because only the portion of the original sentence relating to post-release control was void, petitioner's motion to withdraw must be treated as a post-sentence motion under Ohio R. Crim. P. 32.1. The rule states that a court may grant a post-sentence motion to withdraw a plea only to correct manifest injustice. Since petitioner failed to demonstrate manifest injustice in the trial court's denial of his motion to withdraw his plea, the court of appeals affirmed the denial. (*Id*., Ex. 18.)

Proceeding pro se, on June 17, 2011, petitioner filed a notice of appeal to the Ohio Supreme Court. (*Id*., Ex. 17.) The State waived its memorandum in response. (*Id*., Ex. 21.) On

3

October 5, 2011, the Ohio Supreme Court declined jurisdiction and dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. 22.)

About a month after filing his appeal to the Ohio Supreme Court but before that appeal was resolved, on July 15, 2011, petitioner filed a pro se application, under Ohio App. R. 26(B), to reopen his appeal from the trial court's June 28, 2010 denial of his motion to withdraw his guilty plea. (*Id.*, Ex. 23.) On October 3, 2011, just two days before the appeal to the Ohio Supreme Court was resolved, the court of appeals denied the Rule 26(B) application, finding that petitioner had not established a colorable claim of ineffective assistance of appellate counsel and, despite having challenged his sentence as allegedly based on allied offenses of similar import, had failed to cite which offenses were allied. (*Id.*, Ex. 25.)

On November 15, 2011, Bennett filed a pro se appeal to the Ohio Supreme Court from the court of appeals' denial of his application to reopen. (*Id.*, Ex. 26.) The State waived its response brief. (*Id.*, Ex. 27.) On January 18, 2012, the Ohio Supreme Court dismissed the appeal "as not involving any substantial constitutional question." (*Id.*, Ex. 29.)

On August 9, 2012, petitioner filed in the trial court a pro se motion to correct his sentence. (*Id.*, Ex. 30.) This was denied on August 14, 2012 in a one-sentence ruling. (*Id.*, Ex. 32.) No appeal was taken from this denial.

Bennett filed the instant petition on January 9, 2013. He raised seven grounds for relief:

1. The trial court erroneously accepted Petitioner's plea of guilty without first determining that Petitioner had an understanding of the nature of the charges against him, which precluded Petitioner from making a knowing, voluntary, and intelligent plea, in violation of the Fifth, Sixth, and Fourteenth Amendments.

2.    The trial court failed to place the negotiated plea on the record in open court, a violation of the Fourteenth Amendment.

3.    Petitioner's plea was not made knowingly and voluntarily in violation of the Fifth and Fourteenth Amendments and Article I, Section 10 of the Ohio Constitution.

4.    The trial court erred in denying Petitioner's Motion to Withdraw his guilty plea without a full and fair hearing, in violation of the Fourth Amendment.

5.    The trial court abused its discretion when sentencing Petitioner to crimes that were to be considered "allied offenses of similar import," a violation of the Fifth and Fourteenth Amendments.

6.    Petitioner's plea was not made knowingly, voluntarily, or intelligently given the inadequate record made by the trial court, a violation of the Fifth and Fourteenth Amendments.

7.    Petitioner's appellate counsel provided ineffective assistance by not raising allegedly relevant issues on appeal in violation of the Sixth Amendment.

(Doc. No. 1, *passim*.)

## II. DISCUSSION

### A.    Standard of Review

Under 28 U.S.C. § 636(b)(1), "[a] judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Powell v. United States*, 37 F.3d 1499 (Table), 1994 WL 532926, at *1 (6th Cir. Sept. 30, 1994) ("Any report and recommendation by a magistrate judge that is dispositive of a claim or defense of a party shall be subject to de novo review by the district court in light of specific objections filed by any party."). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

5

In conducting its de novo review in a habeas context, this Court must be mindful of the requirements of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996).

Before addressing the merits of any claim, the Court must determine whether the petition was timely filed. Under 28 U.S.C. § 2244(d):

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

For purposes of applying § 2244(d)(2), an application is "properly filed" only if it is timely. *Evans v. Chavis*, 546 U.S. 189, 197, 126 S. Ct. 846, 163 L.Ed. 2d 684 (2006). Further, an application is "pending" "as long as the ordinary state collateral review process is 'in continuance'—*i.e.*, 'until the completion of' that process." *Carey v. Saffold*, 536 U.S. 214, 219-20, 122 S. Ct. 2134, 153 L.Ed. 2d 260 (2002) (citation omitted). "In other words, until the

application has achieved final resolution through the State's post-conviction procedures, by definition it remains 'pending.'" *Id*. at 220.

When addressing the merits of any ground for relief, the Court must be mindful of the terms of AEDPA, which provide in relevant part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim−
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "Section 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington v. Richter*, -- U.S. --, 131 S. Ct. 770, 786, 1778 L.Ed. 2d 624 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5, 99 S. Ct. 2781, 61 L.Ed. 2d 560 (1979) (Stevens, J., concurring in judgment)).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the

prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 412-13, 120 S. Ct. 1495, 146 L.Ed. 2d 389 (2000).

In addition, "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant [for a writ of habeas corpus] shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B.      Analysis**

The R&R recommends dismissal of the entire petition. It concludes that grounds one, two, three, four, and six are time-barred, that ground five is procedurally defaulted, and that ground seven lacks merit.

**1.      Timeliness of the Petition**

Three of petitioner's objections relate to the timeliness of the petition:

*Objection One*: The Magistrate is incorrect in that Petitioner's sentence did not become final on 14 June 2010.

*Objection Two*: Magistrate Judge is incorrect that Petitioner is not entitled to equitable tolling by Petitioner not pursuing his right to appeal with due diligence and Magistrate Judge is incorrect that the lack of library time is not grounds for equitable tolling.

*Objection Three*: Magistrate Judge only recommends that grounds five and seven are not time barred.

**a.      Statutory Tolling**

Under § 2244(d)(1)(A), the one-year statute of limitations begins to run when a conviction and sentence are "final."[4] Typically, this is upon the conclusion of the direct appeal in

---

[4] The statute contains three other possible starting points for the limitations period, none of which apply here. § 2244(d)(1)(B)-(D).

state court. Other state court post-conviction proceedings do not restart the one-year clock; they merely stop its running while they are "pending," provided they were "properly filed." § 2244(d)(2).

Bennett was sentenced on June 8, 2009, but that sentence was not journalized until June 15, 2009. Under Ohio rules, "[a] judgment is effective only when entered on the journal by the clerk." Ohio R. Crim. P. 32(C). Therefore, June 15, 2009 is the relevant starting point.[5]

Under Ohio App. R. 4(A), petitioner had 30 days, or until July 15, 2009, to file a direct appeal from his conviction and sentence.[6] Petitioner did not do so and, under § 2244(d)(1)(A), his conviction and sentence became final on that day. The clock for the one-year statute of limitations began to run on July 16, 2009. Fed. R. Civ. P. 6(a)(1). Therefore, absent any statutory tolling,[7] this habeas petition was initially due on July 15, 2010.[8]

---

[5] In Objection One, Bennett relies on *Burton v. Stewart*, 549 U.S. 147, 127 S. Ct. 793, 166 L.Ed. 2d 628 (2007), for the proposition that "'[f]inal judgment in a criminal case means sentence [and] the sentence is the judgment.'" *Id.* at 156 (quoting *Berman v. United States*, 302 U.S. 211, 212, 58 S. Ct. 164, 82 L.Ed. 204 (1937)). Since he was resentenced on June 14, 2010, Bennett argues for that date as the starting point for AEDPA's one-year limitations period. He is mistaken. Although, as a general principle, complete resentencing would re-start the one-year clock, where, as here, the resentencing was under § 2929.191(C) and merely corrects the initial failure to properly impose a mandatory term of post-release control, only the post-release control portion of the original judgment, not the entire sentence, is void and must be corrected. *State v. Fischer*, 128 Ohio St. 3d 92, 99, 942 N.E.2d 332 (2010) ("[W]hen a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside [and] [n]either the Constitution nor common sense commands anything more."). In fact, Bennett's resentencing judgment entry specifically states that it was "Nunc Pro Tunc as of 6/15/09." (Return, Ex. 14.) It is not for this Court, sitting in habeas, to question or change the application of state law.

[6] Under Ohio rules, as under federal rules, when calculating the period for filing, the day of the triggering event is not counted, but the final day of the period is counted. *See* Ohio App. R. 14(A). Therefore, the first day of the 30-day period was June 16, 2009 and the last day was July 15, 2009. This counting method is utilized throughout this opinion.

[7] Equitable tolling will be considered in the next section of this opinion.

[8] It is sometimes argued that the "1-year" in § 2244 must be defined as 365 days. "Every federal circuit that has addressed the issue has concluded that [the] method [in Fed. R. Civ. P. 6], i.e., the 'anniversary' method, for calculating a time period applies to the AEDPA's one-year limitation period." *Espinoza v. Lopez*, No. 1:10-cv-01211-JLT, 2012 WL 2995475, at *2 ( E.D. Cal. July 23, 2012) (citing *Rogers v. United States,* 180 F.3d 349, 355, n. 13 (1st Cir. 1999); *Mickens v. United States,* 148 F.3d 145, 148 (2d Cir. 1998); *Hernandez v. Caldwell,* 225 F.3d 435, 436 (4th Cir. 2000); *Flanagan v. Johnson,* 154 F.3d 196, 200-02 (5th Cir. 1998); *Bronaugh v. Ohio,* 235 F.3d

In Ohio, "[a]fter the expiration of the thirty day period provided by App. R. 4(A) for the filing of a notice of appeal as of right [in a criminal proceeding], an appeal may be taken by a defendant with leave of the court to which the appeal is taken[.]" Ohio App. R. 5(A)(1)(a). The Sixth Circuit has held, however, that motions for delayed appeal are not part of the direct appeal process and, therefore, do not postpone the date of "finality" under § 2244(d)(1). The pendency of these proceedings merely tolls the running of the one-year period pursuant to § 2244(d)(2). *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001).

Here, on December 11, 2009, Bennett filed a pro se notice of appeal and motion for leave to file a delayed appeal. Upon denial of that request, he further appealed to the Ohio Supreme Court, which dismissed his appeal on May 5, 2010. Therefore, the one-year limitations period was tolled from December 12, 2009 to May 5, 2010,[9] a period of 145 days.[10]

---

280, 284-85 (6th Cir. 2000); *United States v. Marcello,* 212 F.3d 1005, 1009-10 (7th Cir. 2000); *Moore v. United States,* 173 F.3d 1131, 1135 (8th Cir. 1999)). "Under the 'anniversary' method, the first day of the one-year limitations period is the day after the triggering event, thus giving petitioners 'until the close of business on the anniversary date of . . . ' the triggering event to file a federal habeas petition." *Espinoza*, 2012 WL 2995475, at *2 (citing *Marcello,* 212 F.3d at 1010; *Patterson,* 251 F.3d at 1247).

[9] The R&R does not appear to allow this particular period of tolling. (*See*, R&R at 457-58.) It first correctly notes that, under *Jimenez v. Quarterman,* 555 U.S. 113, 129 S. Ct. 681, 172 L. Ed. 2d 475 (2009), although completion of a timely direct appeal is usually what starts the running of AEDPA's one-year period, "where a state court grants a criminal defendant the right to file an out-of-time direct appeal during state collateral review, but before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of §2244(d)(1)(A)." *Id.* at 121. In that circumstance, the one-year clock is reset and starts only after the delayed direct appeal runs its full course in the state court. The R&R states that, because Bennett's motion for delayed appeal was *denied*, "the one-year statute of limitations began tolling [sic] for Petitioner on June 16, 2009, the day after entry of his conviction and sentence." (R&R at 458.) Presumably, the Magistrate Judge intended to say that the statute of limitations began *running* (not "tolling," which means to *stop* the running) on June 16, 2009. Aside from the fact that this is incorrect because it does not account for the 30 days permitted for an appeal from any denial of the delayed appeal, even if the date were correct, it would not preclude tolling under § 2244(d)(2). The R&R blurred the concepts of "finality" and "tolling." *Jimenez* addresses finality, not statutory tolling. Even though Bennett's denied delayed appeal did not affect finality (i.e., did not change the *starting* point for the one-year limitations period, as correctly noted by the R&R), so long as it was "properly filed," it did *stop the clock* (i.e., toll the period) during its pendency. A denial of a motion for delayed appeal does not negate proper filing under § 2244(d)(2). The state courts did not deny the motion because it was "untimely." (*See* Return, Exs. 8, 11; *see also Artuz v. Bennett*, 531 U.S. 4, 8, 121 S. Ct. 361, 148 L.Ed. 2d 213 (2000) (holding that an application is "'*properly* filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings.") (emphasis in original).) There is no suggestion in the record that petitioner's motion for delayed appeal was not "properly filed" under Ohio App. R. 4(A). The R&R does not recognize this and instead starts the tolling much later, as of April 5, 2010, when Bennett filed his motion

Bennett also filed a motion to withdraw his guilty plea on April 5, 2010, which was denied on June 28, 2010 and fully appealed, with the final resolution entered by the Supreme Court of Ohio on October 5, 2011. These proceedings also tolled the one-year period, from May 6, 2010[11] to October 5, 2011, a period of 518 days.

The one-year deadline was further tolled from October 6, 2011[12] to January 18, 2012 (105 days) to account for the proceedings relating to the Rule 26(B) motion to reopen, and from August 10, 2012 to August 14, 2012 (5 days) to account for the proceedings relating to his motion to correct sentence.

Ultimately, after the statutory tolling permitted by all these state proceedings, this habeas petition was due, at the latest,[13] on August 27, 2012.[14] It was filed on January 9, 2013. Absent additional equitable tolling, it was time-barred.

### b.    Equitable Tolling

To be entitled to equitable tolling, petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and

---

to withdraw his guilty plea. The Court rejects this and has added a period of tolling for the pendency of the delayed appeal. That said, although the ultimate filing date for the habeas petition is different from the one proposed in the R&R, under either date, the petition is time-barred, at least in part.

[10] The tolling permitted by § 2244(d)(2) is only for state court proceedings and does not include any additional time for seeking certiorari before the United States Supreme Court. *Lawrence v. Florida*, 549 U.S. 327, 332, 127 S. Ct. 1079, 166 L.Ed. 2d 924 (2007). Bennett's new filing date was extended to December 7, 2010.

[11] Because the delayed appeal proceedings overlapped the motion to withdraw proceedings, the Court does not double-count the period from April 5, 2010 to May 5, 2010 when computing the time tolled. Taking that into account, Bennett's new filing date for this petition was further extended to May 7, 2012.

[12] The Court does *not* count July 15, 2011 to October 5, 2011, another period of overlap.

[13] The Court recognizes the mine-field it enters when trying to count days for purposes of statutes of limitation. Being off by even a day or two can have serious consequences. *See, e.g.*, *Bowles v. Russell*, 551 U.S. 205, 127 S. Ct. 2360, 168 L.Ed. 2d 96 (2007) (affirming finding of court of appeals that it lacked jurisdiction to hear an appeal that was filed late, albeit in compliance with a district court's specific order setting an extended deadline). However, given the fact that Bennett missed his deadline by *months*, even if the Court's computation misses the mark by a day or two either way, such would be harmless error under the circumstances. The legal result would be the same.

[14] The actual deadline would have been August 25, 2012—a Saturday. Under Fed. R. Civ. P. 6(a)(1)(C), the deadline moves to the next business day, August 27, 2012.

prevented timely filing." *Lawrence*, 549 U.S. at 336 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S. Ct. 1807, 161 L.Ed. 2d 669 (2005)).

The R&R first concludes that equitable tolling is not available to Bennett because his failure to file a timely direct appeal evidences lack of diligence. (R&R at 461.) The R&R further concludes that, even if petitioner could demonstrate that he diligently pursued his rights, he is unable to show any extraordinary circumstance standing in the way of timely filing, since his only argument in this regard is that he was denied adequate access to the prison law library, which the Sixth Circuit has rejected as sufficient to warrant equitable tolling. (*Id.*, citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011); *United States v. Stone*, 68 F. App'x 563, 565-66 (6th Cir. 2003).)

By way of objection, petitioner attempts to argue that: (1) his original sentencing was void and, therefore, not "final," rendering him unable to take a direct appeal at all; (2) his appellate counsel was ineffective for refusing to raise appropriate issues on appeal;[15] and (3) the only avenue available to him was a Rule 26(B) motion, which should be considered his direct appeal. In addition, he objects to the finding that inadequate access to a law library is not grounds for equitable tolling. Aside from making these bare assertions, petitioner points to no error in the R&R. Nor does he direct this Court to case law supporting his arguments and refuting the R&R's positions.

The Court finds no error in the R&R's conclusion that Bennett has failed to meet the two-part test set forth in *Lawrence*, *supra*, to establish any right to equitable tolling.

---

[15] The only time Bennett was represented by counsel on appeal was from the denial of his motion to withdraw his guilty plea.

   c.  **Conclusion as to Timeliness**

   As explained above, the Court agrees with the R&R that grounds one, two, three, four, and six are all time-barred,[16] and that equitable tolling is not warranted.[17]

   2.  **Procedural Default**

   The R&R concludes that ground five, though timely, having been first raised in petitioner's Rule 26(b) application, is procedurally defaulted because it *should* have been raised in the earlier appeal from the denial of Bennett's motion to withdraw his guilty pleas. In other words, the R&R concludes that ground five was not first fairly presented to the state courts. (R&R at 467.)[18] Unfortunately, before reaching this conclusion, which should have precluded *any* substantive review, the Magistrate Judge appears to have opined with respect to the propriety of the state court's application (or non-application) of state law regarding allied offenses of similar import. (*See* R&R at 466-67.) This has prompted petitioner's eighth objection that, although the R&R purportedly agrees that he was not properly sentenced under the law of allied offenses of similar import, it then concludes that ground five is nonetheless procedurally defaulted.

---

[16] As noted, the Court computes the one-year time period somewhat differently than does the R&R. The ultimate result, however, is the same.

[17] Objections four through seven and nine attempt to argue the merits of grounds one through four and six. However, because these grounds are time-barred, the Court need not address these objections and declines to do so.

[18] "Federal courts lack jurisdiction to consider a habeas petition claim that was not fairly presented to the state courts." *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004). "In determining whether a petitioner has fairly presented a federal constitutional claim to the state courts, a habeas court may consider whether (1) the petitioner phrased the federal claim in terms of the pertinent constitutional law or in terms sufficiently particular to allege a denial of the specific constitutional right in question; (2) the petitioner relied upon federal cases employing the constitutional analysis in question; (3) the petitioner relied upon state cases employing the federal constitutional analysis in question; or (4) the petitioner alleged facts well within the mainstream of the pertinent constitutional law." *Id.*

This Court does not sit to review the application of state law by state courts and, therefore, will not address the R&R, and any objection to it, related to whether petitioner was properly sentenced under Ohio's law regarding allied offenses of similar import. Rather, the Court will simply determine the correctness of the R&R's conclusion that ground five is procedurally defaulted.

Following his resentencing in June 2010, and the denial of his motion to withdraw his guilty pleas, petitioner filed both an appeal from that ruling *and*, later, a Rule 26(B) application to reopen his appeal. In his appeal from the denial of his motion to withdraw, Bennett failed to raise the issue of allied offenses. In his Rule 26(B) application, although he raised the issue, he never identified which offenses he claimed were allied offenses of similar import. The Ohio court of appeals noted Bennett's failure, but nonetheless denied his application, concluding that "the record does not demonstrate or support a finding the offenses are allied offense [sic] of similar import." (Return, Ex. 25 at 298.)

The R&R proposes that ground five is procedurally defaulted because it was not "fairly presented" to the Ohio courts. This Court rejects that conclusion. Although the court of appeals ruled in a very cursory manner that the record did not support a finding of allied offenses, it thereby made a finding on the merits. The court of appeals did not reject the assignment of error because of any failure to raise it in the earlier appeal from the denial of Bennett's motion to withdraw his guilty pleas. Therefore, this Court concludes that ground five *was* "fairly presented" to the state courts. That said, the analysis does not end because ground five is simply not cognizable in federal habeas. This fact is not addressed by the R&R.

Petitioner's argument before the state court was based exclusively on his assertion that the trial court did not correctly sentence him, as required by Ohio Rev. Code § 2941.25. His

14

argument here is the very same, even relying upon the same state court case law. The only mention of a constitutional violation is a passing reference to "double jeopardy." (Petition, Doc. No. 1 at 26, 27.)

This ground, as framed by petitioner, although not procedurally defaulted as concluded by the R&R, is simply not cognizable in habeas review.

### 3. The Merits of Ground Seven

The R&R addressed ground seven, finding it neither time-barred nor procedurally defaulted, and concluded that petitioner failed to meet the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed. 2d 674 (1984), to establish ineffectiveness of appellate counsel.

The Court finds no specific objection to this conclusion. Although petitioner's Objection Two, dealing with whether he is entitled to equitable tolling of AEDPA's one-year statute of limitations, mentions ineffective assistance of counsel as a reason for tolling, there is no argument specifically directed to the *Strickland* standard.

Therefore, the Court concludes that petitioner has waived any challenge with respect to ground seven and the Court, therefore, adopts the R&R's reasoning.

## III. CONCLUSION

For the reasons set forth herein, all of the objections raised in Doc. No. 16 are overruled. The Court declines any consideration of Doc. Nos. 17 and/or 18 because they were filed out of time and without leave; these two documents are stricken from the record.

Accordingly, the petition for writ of habeas corpus is denied and dismissed. Further, the Court certifies that an appeal from this decision could not be taken in good faith and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. §§ 1915(a)(3), 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: February 25, 2014

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**